UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Zebadiah Hart, 02A4836,

                              Plaintiff,                  **Hon. Hugh B. Scott**

                                                                         08CV681

                           v.                                 **Order**

Glenn S. Goord et al.,

                              Defendant.

_____

       The plaintiff has filed an "objection to the defendants' denial of the plaintiff's first set of interrogatories" which the Court deemed a motion to compel (Docket No. 20).

       The plaintiff commenced this action alleging that defendants Ebert, Ziolkowski, Acquard, Sippel, Warner, Gebler, Meegan, Hamilton and Considen used excessive force against him; that defendants Goord, Conway and Berbary failed to properly supervise their subordinates; and that defendants Boyce, Colby, Nicosia and Laskowski were deliberately indifferent to his medical needs. The plaintiff asserts that the defendants have failed to adequately respond to his discovery requests relating to grievances and other complaints against the defendants relating to assaults on inmates, denial of medical treatment, and acts of unprofessional conduct. It is not clear from the plaintiff's discovery demand, whether he is seeking this information as it relates to the individual defendants or all employees of the Department of Correctional Services.

1

The defendants assert that they have fully responded to Interrogatory No. 6, and Document Demands 3 and 8. More specifically, the defendants state that while they did not waive their objection that the interrogatory sought privileged information, no responsive information or documents exist. (Docket No. 23 at ¶ 15-19).

The plaintiff alleges that this answer cannot be accurate and that he is aware of grievances filed against some of the individual defendants. (Docket No. 24 at ¶ 7). The plaintiff has attached documents purporting to be grievances filed by inmate William Steele #95-A-4112 against defendant Gelber for alleged retaliation, denial of shower, harassment, unlawful cell searches and threats on [Steele's] life (Grievace dated March 8, 2005); and retaliation and deprivation of privileges without due process (Grievance dated March 7, 2005). See (Docket No. 24, Exhibit B). However, the plaintiff's discovery request does not appear to expressly seek all grievances filed against the defendants by any and all inmates. Interrogatory No. 5 asks the defendants to identify the grievances written by the plaintiff *concerning the incident underlying this action*. (Docket No. 13 at Interrogatory No. 5). In Interrogatory No. 8, the plaintiff asks the defendants to produce *the plaintiff's inmate records, including grievances*. (Docket No. 13 at Interrogatory No. 8). Similarly, Document Demand Nos. 2, 4 and 14 seek various documents *relating to the underlying incident*. (Docket No. 13 at Document Demand Nos. 2, 4 & 14). Arguably, the production of grievances against the individual defendants might be responsive to the following requests:

> Interrogatory No. 6. Identify any and all history where defendants' named [have] misused their authority in any use of force and / or inadequate medical conduct. (Docket No. 13 at page 3, ¶ 6)
>
> Document Demand No. 3. For each defendant, produce documents

> sufficient to identify each instance in which records of the Department reflect that the defendant, in the course of his or her employment with the Department, (a) was charged with having made a false report, or with having made a false or misleading statement in a disciplinary proceeding or investigation; or (b)(i) in a use of force case, was charged with having used force on an inmate; (ii) in an inmate against inmate case, was charged with having failed properly to supervise an inmate or observe an assigned area; or (iii) in a disciplinary due process case, was charged with having violated the same regulation or right alleged to have been violated in the complaint. (Docket No. 13, page 4 at ¶3)

> Document Demand No. 8. For each defendant, in a use of force case state (a) whether there are documents in the possession, custody or control of any Defendant or the Department that record or reflect any review of the defendant's prior conduct in connection with a use of force or report of a use of force, including but not limited to records of reviews of staff use of force conducted pursuant to Directive 4944, State of New York, Department of Correctional Services, and other reports (including unusual incident reports, use of force reports, incident reports, injury to inmate reports, etc.) concerning a use of force or report of force by the defendant and (b) state what remedial action, if any, was taken against the defendant in respect thereto. (Docket No. 13, page 5 at ¶ 8).

The probative value of a grievance against a correctional officer, which was found to be unsubstantiated during the grievance process, is quite limited. The defendants represent that they have searched the defendants' individual personnel files for documents responsive to these requests, but that no responsive documents exist. (Docket No. 23 at ¶¶18-19). If the defendants become aware of responsive documents, they must supplement their response to the plaintiff. To the extent that the plaintiff's discovery requests seek production of documents filed by any inmate against the defendants, for which no personnel or disciplinary action was taken, and which are not otherwise identified by inmate or date, the request is overly broad and unduly

burdensome. Wright v. Goord, 2008 WL 2788287 (W.D.N.Y. 2008)(defendants directed to produce documents relating to disciplinary action taken against them based upon a use of force; otherwise, discovery request found overly broad and unduly burdensome); Diaz v. Goord, 2007 WL 2815735 (W.D.N.Y. 2007)(inasmuch as the Department of Correctional Services ("DOCS") does not index grievances, complaints and lawsuits according to the name of the corrections officer named, but does so by the name of the complaining inmate; request for all grievances, complaints and lawsuits- without reference to their subject matter or the date on which they were filed-is both overbroad and unduly burdensome); Ashford v. Goord, 2009 WL 2086838 (W.D.N.Y. 200)(request seeking all grievances and complaints filed against defendants was overly broad); Melendez v. Falls, 2010 WL 811337 (W.D.N.Y. 2010)(request seeking all grievances and complaints filed against defendants was overly broad).

Thus, the motion to compel is denied consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 22, 2010